## MIDDLETON *et al. v.* MUTUAL BENEVOLENT SOCIETY.

1. The petition stated a cause of action, and it was not error to overrule the demurrer.
2. The plaintiff having failed to carry the burden of proving its corporate capacity as alleged, the verdict in its favor was contrary to law.
3. Other assignments of error need not be determined.

No. 4599.   JANUARY 14, 1925.

Equitable petition.   Before Judge Meldrim.   Chatham superior court.   October 6, 1924.

*Anderson, Cann & Cann,* for plaintiffs in error.

*Leo A. Morrissy,* contra.

HINES, J.   1.   The Mutual Benevolent Society, averring itself to be a corporation duly organized and existing under the laws of Georgia under an order of Chatham superior court, filed its equitable petition for injunction against C. C. Middleton, L. M. Pollard, J. R. Davis, and M. O. Johnston; and made these allegations:   On February 15, 1921, M. G. Robertson and others filed their petition in said court asking for incorporation under the name of the Mutual Benevolent Society.   On February 19, 1921, the defendants filed a similar petition in said court seeking incorporation under the same name.   Said separate petitions for incorporation were the result of factional differences existing in said society; and the entire matter was brought before said court for adjudication in an equitable petition filed in said court on March 24, 1921, by said Robertson and others against the defendants in this case.   On February 9, 1922, said court rendered a decree in which it was recited that these defendants were duly elected officers of said society, but that the suspension of certain members by Middleton was illegal. It was further decreed that all members wrongfully suspended be reinstated after first paying all their dues, and that all other members should pay their dues in arrearage and qualify as members in

good standing. It was further decreed that all acts of the society or its officers, so far as they related to the acquisition of new members, following the wrongful suspension of members, were void; and that the present officers should call said society together and designate a certain date when an election of officers for 1922 should be held in accordance with the established provisions of the constitution of said society. It was further provided in said decree that the secretary of said society should give notice by letter to each member thereof of the time, place, and purpose of said meeting. On February 10, 1922, the court signed the order incorporating said Mutual Benevolent Society. In conformity to said decree an election of officers for 1922 was held, which resulted in the election of one Tyson president, Perry vice-president, Branham treasurer, and Seiberling secretary. Said society has existed for over 50 years, and has built up a reputation for strength and stability in the community. Membership therein has been very highly valued. Since its incorporation said society has exercised all the rights and privileges granted it under its charter. Recently the defendants and their associates formed an organization under the name of the Mutual Benevolent Society, and are holding meetings under said name. Said name is identical with that of petitioner and an infringement upon its rights. Petitioner is advised and believes that Middleton is acting as president, Pollard as vice-president, Davis as treasurer, and Johnston as secretary. The action of said alleged officers in organizing and operating under the same name and style as that of petitioner is clearly in violation of law and an irreparable injury to petitioner, which is without remedy at law. Petitioner prayed that the defendants and their associates be enjoined from functioning as officers and members under the name of the Mutual Benevolent Society, from holding meetings as such, and from existing under said name.

1. Under our statute the petition set forth a cause of action, and the court did not err in overruling the demurrer filed by the defendants. Civil Code (1910), §§ 1993, 1994; *Emory* v. *Odd Fellows*, 140 *Ga.* 423 (78 S. E. 922). It is unnecessary to determine whether, under equitable principles, and independently of the above statute, plaintiffs in their petition made out a case.

2. In their answer the defendants specifically denied the allegation of the petition that the plaintiff was a corporation duly organ-

ized under the laws of this State under an order of Chatham superior court; but, on the contrary, alleged that upon their application to said court they had been incorporated under the name and style of the Mutual Benevolent Society, under which charter they had organized, and were existing and acting under the name of the Mutual Benevolent Society. On the issue thus formed the following facts appeared: The Mutual Benevolent Society had been in existence in Savannah as an unincorporated social and fraternal association for a period of nearly 50 years prior to 1921. In that year two factions sprang up among its members, one of which is hereinafter designated the Middleton faction, and the other the Robertson faction. At an election for officers of this society, held on January 10, 1921, the defendants were declared to be the elected officers thereof. Thereafter the Robertson faction filed in Chatham superior court, on February 15, 1921, their petition in which they sought to be incorporated under the name of the Mutual Benevolent Society. This petition was dismissed on April 10, 1921, and no charter was granted thereon. On February 19, 1921, the Middleton faction filed its petition in said court, in which they sought to be incorporated under the same name. Neither application for charter was authorized by a formal vote or resolution of the members of the society, but each faction proceeded upon its own motion and initiative. On March 24, 1921, the Robertson faction filed their petition in equity against the defendants who claimed to have been elected officers of the society in January, 1921, and sought to have them enjoined from functioning as such, because they had not been duly elected. On February 9, 1922, that case came on for a hearing before the judge of Chatham superior court, who, on said date, passed a decree the substance of which is set out in the preceding division. On February 10, 1922, the application of defendants, filed on February 19, 1921, for incorporation, was acted upon and a charter was granted to them under the name of the Mutual Benevolent Society. In conformity to the above decree an election of officers for said society for 1922 was held on April 10, 1922, resulting in the election of members of the Robertson faction as officers of said society. At the time the petition in this case was filed on March 1, 1923, these officers were acting as officers of this society. At a meeting of the society held May 8, 1922, in which members of both factions participated, the atten-

tion of the society was called by the secretary to an item of $10 appearing upon the ledger as having been paid for a charter, which, in the opinion of the majority of the members, did not exist. At this stage of the meeting, Middleton, the past president of the society, asked to be allowed to make an explanation in regard to said charter, and offered to refund to the society the sum of $10 paid for the charter granted February 10, 1922, on application of defendants. On motion of Robertson, and by a divisional vote, the charter was rejected, but a motion was passed that the officers of the society be appointed a committee to investigate the charter and report at the June meeting. It does not appear that such report was ever made. At the meeting held on June 12, 1922, Middleton again offered to refund the sum of $10, and the offer was again refused. On July 18, 1922, the defendants accepted the charter granted on February 10, 1922, upon their application filed on February 19, 1921. At said meeting the corporation was organized, the defendants were elected officers thereof, and the corporation proceeded to transact business under said charter. At a meeting of the society on January 8, 1923, a resolution was passed, accepting the charter of the society granted on February 10, 1922, to the defendants, and a copy thereof was ordered spread upon the minutes of the society. The jury rendered a verdict finding in favor of the plaintiff. The defendants moved for a new trial, on the grounds, among many others, (1) that the verdict was contrary to law, in that the plaintiff had failed to establish the fact that it had been duly incorporated as alleged in its petition; and (2) that the evidence disclosed that a charter had been granted to the defendants upon their application therefor under the name of the Mutual Benevolent Society. The judge overruled the motion for new trial, and error is assigned thereon.

We hold: (a) When the defendants made application to Chatham superior court in their own behalf to be incorporated in the name of the pre-existing unincorporated society, and they and their successors were by order of that court incorporated in that name, such incorporators acquired a property in the franchise, of which they could not be deprived without their consent or by due process of law. *Waring* v. *Georgia Medical Society*, 38 *Ga.* 608 (95 Am. D. 408). Other persons, by becoming members of this body politic, might be entitled to share its benefits or emoluments. (b) The

defendants, as such incorporators, were authorized by said charter to organize the corporation thereby created, and after such organization the corporation could function and perform the things for which it was created. (c) The unincorporated society, or the Robertson faction thereof, could not become incorporated by passing a resolution accepting the charter, so granted upon the application of defendants, notwithstanding the fact that the funds of the society to the amount of ten dollars had been used by the Middleton faction in defraying the cost of obtaining said charter. (d) The burden rested upon the plaintiff to prove its corporate capacity, the same being alleged in the petition and denied in the answer; and failing to do so, the verdict in its favor was contrary to law. (e) Whether the unincorporated society, if suing as such, could have enjoined the defendants or this corporation from the use of its name is not now for decision by this court.

3. In view of the above rulings, it becomes unnecessary to consider any of the other assignments of error embraced in the motion for new trial.     *Judgment reversed.. All the Justices concur.*